Hale, J.
We have come to the conclusion in this case that there was no good ground for the appointment of the receiver. That is the first proposition, taking the allegations of the petition as true.
The petition alleges the nature of the corporation known as The Lakeside Company, and that it has a bonded indebtedness of $35,000, and then adds:
“That said company is ihdebted to a large number of other persons for monies loaned and for purchases made, and otherwise, to the amount of $30,000 in addition to the *366 bonds aforesaid; that some of said creditors are threatening to bring actions upon their said claims against the defendant company; that the business of said Lakeside Company is of such a peculiar nature that if suits were brought by said creditors, it would-so impair said company in carrying forward its summer work with the patrons of said work, as to almost totally destroy its business and greatly impair thereby its earning capacity, and work to the detriment and loss of the bond holders who held by virtue of the mortgage liens upon said property.
“Plaintiff says that he is the owner of |5,000 in amount of said bonds, and that he brings this suit no only for the benefit of himself, but for such other of the bond holders and creditors as may be desirous of coming into and availing themselves of this suit. That said defendant company is at present so embarrassed by said bonded indebtedness and said general indebtedness, that it is unaLle to continue said business and thereby to protect said property from suits and levies which would materially lessen and injure the security of plaintiff and said bond holders. That said company is likewise insolvent, and that unless the court will appoint a receiver to take possession and charge of said business, the property covered by said mortgage, which consists in addition to said land, of a large number of buildings, a dock, machinery and pipes, etc., (which will need constant care and attention during the summer season as well as through the fall and winter 1, said properly will be in danger of being materially injured and the security greatly impaired.’’
The gist of all that is that it is necessary to picvent creditors from - bringing their action and enforcing their claims against this corporation, to have a receiver appointed.
We do not believe that where no trouble is shown in the directorship, and the whole machinery of the corporation is intact and working harmoniously, that the fact that certain creditors are about to bring action to enforce their claims is a good ground for the appointment of a receiver.
Again, the appointment of McKim as a receiver was expressly forbidden by the statute. At the time of his appointment as receiver he was a stockholder, director and treasurer of this corporation, coming within the direct prohibition of the statute.
*367 But it is said that there was a consent, and by the consent of all the parties this was procured. The consent of all the parties to the suit at the time the receiver was appointed was the consent of the corporation. There was a plaintiff in the case, but the action grew out of this proceeding of the corporation as shown by the following records of the directors:
“Lakeside, Ohio, Sept. 28, 1897.
“It was moved by E. G. Griswold and seconded, that this board take such steps as is necessary to place this company in the hands of a receiver. Motion carried,”
The meeting then adjourned for dinner to 1:30.
“Lakeside, Ohio, July 20, 1897.
“Pursuant to an adjournment, the board of directors of the Lakeside Company met at Hotel at l:d0, There were present Briggs, etc. — Briggs, Vice President, in the Chair. On motion, it was decided to elect by ballot a man for receiver. The first ballot resulted in three votes being cast for C. S. McKim. On motion of Griswold, this choice was made unanimous.”
The directors, having decided that they would put this corporation in the hands of a receiver .to prevent creditors taking action, they secured the plaintiff to bring this action, but he was guaranteed against any expense — the corporation was to pay the expenses of counsel etc.
Now, the consent of the parties to the appointment of this receiver under these circumstances, we do not think was a consent that should set aside the plain provisions of the statute.
It is said that this receiver has been conducting the business of the corporation since his appointment, and, satisfactorily. We have no criticism to make of the manner in which the receiver has done his business and done the work. But we do not see why the directors could not just as well have done it: McKim was one of them.
Again, the suit was commenced in this county, and all the property was situated in Oitawa county. To adjust the liens and sell this property, an independent action must necessarily be brought in Ottawa county to adjust the liens and sell the property — making this suit here a sort of fifth wheel to a coach.
Noble, Pinnay & Willard, for Plaintiff in Error.
Carpenter & Young, for Defendants in Error.
But we are satisfied with this holding from the statement that is made to us outside of the record, not as a foundation for the holding, that a suit is already commenced in Ottawa county to adjust these liens. And in our judgment, it ia entirely proper that the control of this property should be left with that court pending that litigation. If necessary to work out the rights of the parties to this action that a receiver to be appointed,that court can take charge of the whole matter.
The result is that we are decidedly of the opinion that the motion made to discharge this receiver, should have been granted; that there had .been no such consent or acquiescence as would prevent the court from rightfully sustaining that, motion, and for the error in overruling the motion instead of sustaining that motion, the judgment is reversed and the cause remanded for further proceedings.